Pierson R. Hildreth, S.
This is a motion for a protective order in connection with disclosure proceedings being conducted in a pending contested probate proceeding. The issue is whether a guardian ad litem shall produce and disclose to proponent and interested beneficiaries signed statements of witnesses. The court gave its oral ruling from the bench upon the hearing of the motion, that such .statements be disclosed, and stated briefly its reasons for so ruling. The guardian ad litem indicated his intention of refusing to comply, and of an intention to request a formal order so that an appeal could be taken. Such order has been submitted. This decision is to state more fully the reasons for directing that the statements be produced.
The parties have been engaged for several months in conducting examinations of attesting witnesses, the attorney-draftsman, interested parties and witnesses pursuant to SCPA 1404 and CPLR 3101. During these disclosure proceedings numerous rulings have been requested of the court and, both upon requests of parties and upon its own initiative, the court has made rulings in the form of protective orders indicating the limits and scope of the examinations and the documents which were to be produced or made available for inspection.
Because of the facts and circumstances, size of the estate, terms of the will, and relationship of the parties, the court has advised the parties from the beginning that its policy would be to permit a liberal and full disclosure of facts and evidence for .the benefit of all parties. To a large extent that policy has been complied with.
*145 Decedent had no near relatives, the only surviving distributees being a nephew and a grandnephew who was 19 years old when decedent died. The will made a bequest to the nephew, but also contained a provision for forfeiture of the bequest if the will was contested. The grandnephew is not mentioned in the will, and is represented by a guardian ad litem of his own selection. The will gave monetary legacies to several persons, and the residuary estate is left to a number of charities. The gross estate is stated to approximate $10,000,000. Most of the charitable beneficiaries and the Attorney-General have appeared by attorneys and have participated in the examinations.
Objections to the will, alleging lack of proper execution, lack of testamentary capacity, and charging four persons with fraud and undue influence, were filed by the nephew, who is represented by his own attorney, and by the guardian ad litem on behalf of the infant grandnephew.
The guardian ad litem, in taking steps deemed appropriate to represent the interests of his ward, has been permitted to examine extensively business records, tax returns, correspondence and documents pertaining to decedent’s affairs. He has also examined witnesses, and has obtained, according to his admission made upon the record, signed statements from five persons containing facts and information pertinent to the issues. These persons are, (1) Mr. and Mrs. Nash, (2) Dr. Pelzman, (3) Dorothy White Wynne, (4) Iva Miller, and (5) Mr. Reid.
It is these statements which the guardian ad litem has refused to disclose to proponent or the interested beneficiaries, ostensibly claiming that the matter is privileged. Proponent has agreed to disclose to contestants all signed statements obtained. The court is of the opinion that the statements should be disclosed. They constitute material prepared for litigation, hence have limited protection (CPLR 3101, subd. [d]).
In probate proceedings generally, and in this one in particular, it is the opinion of the court that all persons interested in the estate are entitled to a full disclosure of evidence bearing upon the issues, not only so that the parties can properly prepare for trial, but also so that each is fully advised of the facts and circumstances bearing upon the validity of the will offered for probate. Thereby they can make a sensible judgment as to the position they intend to take. There is also a further reason ; namely, that in probate proceedings, even where no objections are filed, the court is entitled to have disclosed all facts bearing upon the validity of the will, because the court itself must be satisfied that the will was duly executed, that the testator had capacity and was not under any restraint. (SCPA 1408.) The *146 court is of the opinion that, in the interests of justice, no one should be allowed to conceal, from other persons interested, pertinent facts bearing upon issues and thus make for surprise at a trial, and prevent the judicial determination from being made upon a full presentation of facts.
There is a further reason which pertains to the position of a guardian ad litem and which requires that the statements obtained by the guardian be disclosed. The guardian ad litem, both in representing the infant and as an officer of the court, is under a duty to make a report to the court of his activities. This would include a report of facts and statements of witnesses which are material to the issues, even in the absence of objections. It is the duty of the guardian ad litem to examine into the facts and to make a thorough and fair report of information obtained. The statute requires that he “ file a report of his activities together with his recommendations ”. This is ordinarily done on termination of his duties, but the statute specifically provides that it may be done at any time as directed by the court. (SOPA 404, subd. 3.) The court here would require such report even in the absence of objections. Thus the statements of witnesses obtained by the guardian ad litem are neither secret nor private information.
While the guardian ad litem, in some respects, represents his ward as an attorney represents an adult client, his concurrent obligation to the court and all parties imposes a higher degree of objectivity. In the opinion of the court, he cannot properly take a stance which, in effect, prevents the court or other parties from having a full knowledge of material evidence which he has secured and deems pertinent with respect to the issues in which his ward has an interest.
A probate proceeding is said to be in rem. It is conducted for the benefit of all parties interested so that all may know whether decedent made a valid will or died intestate. It is not a private dispute between individuals.
The guardian ad litem indicated that proponent either has or could examine the same witness. That may be, but to avoid any injustice or hardship either to contestants, proponents or interested beneficiaries, all parties should know whether these witnesses have made statements to different parties which are consistent or inconsistent, and no good reason whatever has been indicated as to why the statements which they have made be kept secret and not disclosed at this time. They will be disclosed, in any event, when the guardian ad litem reports either on his own initiative or by the direction of the court.
*147 The objective of disclosure here is to reveal and not conceal the facts bearing on validity of the will. The purpose is to avoid surprise at a trial, not to cause surprise at the trial. The statute is to be interpreted liberally and to permit disclosure of evidence which is material and necessary. (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403.)
The court is of the opinion that the disclosure of the statements is sought in good faith, that the production is required in this probate proceeding in the interests of justice, that the disclosure is in the interest of all parties, that the guardian ad litem is under a duty to reveal and report the same, and that disclosure will prevent surprise and assist in proper preparation or resolution of the issues.
Accordingly, the guardian ad litem is directed to produce and disclose the five statements. The order as submitted contains a general direction not limited to disclosure of the five statements. It is the intention of the court that only the five statements be disclosed.